PER CURIAM.
We review the recommendation of the Investigative Panel of the Judicial Qualifications Commission (JQC) that Judge Robert Lance Andrews receive the sanction of a public reprimand for his judicial misconduct.[1] We approve the recommendation.
The JQC filed charges against Judge Andrews, alleging that while he presided over the case of Carnato v. Novartis Pharmaceuticals Corp., he made various inappropriate statements concerning the defendant, Novartis, in an interview with a reporter for the Daily Business Review. It was alleged he made the following statements:
1. Novartis was trying to bury the plaintiffs in documents;
2. Novartis has only itself to blame for developments in the litigation;
3. The defense’s strategy backfired; and
4. The entire database [the Special Master is creating at Novartis Pharmaceuticals’ expense] would provide a national plaintiffs blueprint for filing suit against Novartis over Parlodel [the drug in the case.]
The comments were made in reference to a discovery request made by the plaintiff in the case. The defendant, Novartis, responded to the discovery request by producing over one million documents.[2] Novartis claimed that the documents were privileged and requested an in-camera inspection of the documents. Judge Andrews appointed a special master to review the documents, at great expense to Novartis. Novartis then sought to have the in-camera inspection suspended.
The JQC alleged that the statements were inappropriate and evidenced a bias against the defendant, Novartis. The JQC and Judge Andrews presented a stipulation to this Court pursuant to article V, section 12 of the Florida Constitution, and rule 6(j) of the JQC’s rules. In that stipulation, Judge Andrews admitted to the conduct alleged and did not contest the findings of guilt and recommendation of discipline. The Investigative Panel of the JQC recommended a public reprimand of Judge Andrews. We note that ordinarily the JQC, not the Investigative Panel of the JQC, submits its findings and recom *442 mendations to this Court. However, in this case Judge Andrews specifically stipulated that “Without further reference to the Hearing Panel or a trial before that body, the Investigative Panel may enter its findings of guilt on the charges[3] and recommend to the Supreme Court that the respondent be reprimanded for this conduct.”
This Court reviews the findings of the JQC to determine if they are supported by clear and convincing evidence and reviews the recommendation of discipline to determine whether it should be approved. ‘While this Court gives the findings and recommendations of the JQC great weight, ‘the ultimate power and responsibility in making a determination rests with this Court.’ ” In re Kinsey, 842 So.2d 77, 85 (Fla.2003) (footnote omitted) (quoting In re Davey, 645 So.2d 398, 404 (Fla.1994)). Accordingly, we review the findings to ensure that there is “clear and convincing evidence” to support the alleged ethical violations-a standard of proof which has been described as “more than a ‘preponderance of the evidence,’ but the proof need not be ‘beyond and to the exclusion of a reasonable doubt.’ ” Id. (quoting In re Davey, 645 So.2d at 404).
Judge Andrews’ alleged conduct violates canons 1, 2, and 3 of the Code of Judicial Conduct. The JQC’s findings in this case show that the statements made by Judge Andrews evidenced a bias against Novartis. Judge Andrews admitted to the conduct alleged by the JQC. Accordingly, the JQC’s findings are supported by clear and convincing evidence. The second issue for this Court is whether the JQC’s recommendation of a public reprimand is an appropriate discipline in this case. An analogous case where a public reprimand was administered is In re Hayes, 541 So.2d 105 (Fla.1989). The judge in Hayes, while presiding over a murder trial, discussed his opinions and reactions to the trial with a journalist, with knowledge that the discussions would be used by the journalist in a publication. Statements attributed to Hayes were later published by the journalist. The Court held that a public reprimand was the appropriate discipline.
We accept the JQC’s recommendation of a public reprimand for Judge Andrews, which is consistent with this Court’s precedent as to the appropriate sanction for this type of judicial misconduct. See id. We hereby command Judge Andrews to appear before this Court for the administration of a public reprimand at a time to be established by the clerk of this Court. See In re Frank, 753 So.2d 1228, 1242 (Fla.2000).
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

. We have jurisdiction. See art. V, § 12, Fla. Const.

. The 247 boxes produced by Novartis contained "a total doocument [sic] count of approximately 1,088,282 individual pieces of paper.” Transcript of hearing at 25, Carnoto v. Sandoz Pharmaceuticals Corp., (Fla 17th Cir., Aug. 8, 2002).

. The Notice of Formal Charges in this case did not specify which canons of the Code of Judicial Conduct Judge Andrews allegedly violated. However, canons 1, 2, and 3 were mentioned in the Notice of Investigation and the Findings and Recommendations of the Investigative Panel state that “the respondent is guilty as charged in the Notice of Investigation.” Judge Andrews has raised no objection to the Findings and Recommendations of the Investigative Panel.